UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-- FERNANDO LOPEZ,

Plaintiff,

- v. -

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**ORDER**

17 Civ. 10160 (PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiff Fernando Lopez filed the Complaint in this action on December 28,

2017. (Cmplt. (Dkt. No. 1)) Lopez seeks judicial review, pursuant to 42 U.S.C. § 1383(c)(3), of

a determination by the Commissioner of Social Security requiring him to pay $15,923.50 in

overpaid Social Security disability benefits. (Id.) On June 25, 2018, this Court referred the case

to Magistrate Judge Robert W. Lehrburger for a Report and Recommendation ("R & R"). (See

Order of Reference (Dkt. No. 7)) On October 12, 2018, Plaintiff filed a motion for judgment on

the pleadings, arguing that, inter alia, the ALJ committed legal error in deciding that Lopez had

not "demonstrate[ed] that recovery [of the overpayment] would defeat the purpose of the [Social

Security Act] or otherwise be inequitable." (Mot. (Dkt. No. 14); Pltf. Br. (Dkt. No. 15) at 5, 10-

17)[1] On February 19, 2019, Defendant filed a cross-motion for judgment on the pleadings.

(Mot. (Dkt. No. 19)) On April 22, 2019, Judge Lehrburger issued a 23-page R & R,

recommending that this Court grant Lopez's motion for judgment on the pleadings. (R & R

(Dkt. No. 22))

---

[1] The page numbers referenced in this Order correspond to the page numbers designated by this
District's Electronic Case Filing system.

In his R & R, Judge Lehrburger notified the parties that they had fourteen days from service of the R & R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (R & R (Dkt. No. 22) at 22) The R & R further states that "[f]ailure to file timely objections will preclude appellate review." (Id. at 23) Neither side has filed objections to the R & R.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R & R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This Court has nonetheless reviewed Judge Lehrburger's comprehensive and well-reasoned R & R and is satisfied that "there is no clear error on the face of the record."

2

Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

Lopez began receiving disability benefits in November 1997. (R&R (Dkt. No. 22) at 2 (citing R. 37, 107)) In December 2012, Lopez received a notice from the Social Security Administration (the "Administration") informing him that he had improperly received benefits from 2005-2006 and 2009-2010 in an amount totaling $15,932. (Id. (citing R. 59-61))

In July 2013, Lopez requested a waiver of repayment. (Id. (citing R. 62-77)) He contended that he was not at fault because he reported his income to the Administration. (Id. (citing R. 63-64)) He further contended that he could not afford the repayment. (Id.) To support his request for waiver, Lopez submitted a financial statement. (Id. (citing R. 64-69) That statement indicates that Lopez has gross monthly income of $2,808.22, and that his monthly take-home pay amounts to $2,030.54. (Id. (citing R. 66)) Lopez reported monthly household expenses totaling $2,028.86. (Id. (citing R. 67))

On October 28, 2013, the Administration denied Lopez's waiver request, finding that "[i]rrespective of whether . . . Mr. Lopez is at fault for the creation of the overpayment in sum or part, the evidence . . . he provided indicates that he can repay [the overpayment] over time." (R. 88) Lopez then requested a hearing before an Administrative Law Judge ("ALJ"). At the April 21, 2015 hearing, Lopez testified that he lives paycheck to paycheck and has no savings. (R&R (Dkt. No. 22) at 3 (citing R. 13, 34))

In a May 1, 2015 decision, the ALJ concluded that Lopez was (1) not at fault in causing the overpayment, but (2) recovery of the overpayment would not defeat the purposes of Title II of the Social Security Act. (Id. at 5 (citing R. 9-12))

Recovery of disability overpayments is waived where (1) the recipient was without fault, and (2) recovery would defeat the purposes of Title II of the Social Security Act or

3

would be inequitable. 42 U.S.C. § 404(b)(1). Repayment would defeat the purposes of the

Social Security Act if it would "deprive [the recipient] of income required for ordinary and

necessary living expenses." 20 C.F.R. § 404.508(a). Pursuant to the applicable regulations,

"[a]n individual's ordinary and necessary expenses include":

> (1) Fixed living expenses, such as food and clothing, rent, mortgage payments,
> utilities, maintenance, insurance (e.g., life, accident, and health insurance
> including premiums for supplementary medical insurance benefits under title
> XVIII), taxes, installment payments, etc.;
>
> (2) Medical, hospitalization, and other similar expenses;
>
> (3) Expenses for the support of others for whom the individual is legally
> responsible; and
>
> (4) Other miscellaneous expenses which may reasonably be considered as part of
> the individual's standard of living.

Id.

Recovery of overpayment is against equity and good conscience if the recipient

"[c]hanged his position for the worse . . . or relinquished a valuable right . . . because of reliance

upon a notice that a payment would be made or because of the overpayment itself." 20 C.F.R. §

404.509(a)(1). Unlike a determination of whether repayment would defeat the purpose of the

Social Security Act, the recipient's "financial circumstances are not material to a finding of

against equity or good conscience." 20 C.F.R. § 404.509(b); Adams v. Astrue, No. 11-CV-

00289, 2012 WL 768211 at *5 (E.D.N.Y. March 9, 2012).

An ALJ's determination of whether (1) the recipient of an overpayment is at

fault, or (2) repayment would defeat the purposes of title II of the Social Security Act or be

inequitable "may not lightly be overturned." Valente v. Sec'y of Health & Human Servs., 733

F.2d 1037, 1041 (2d Cir. 1984). "[T]he district court must uphold a decision by the Secretary

that a claimant was not without fault if it is supported by substantial evidence in the record as a

whole, because that determination is factual in nature." Id. (citing 42 U.S.C. § 405(g)); Center v. Schweiker, 704 F.2d 678, 679-80 (2d Cir. 1983) (per curiam); Dorman v. Harris, 633 F.2d 1035, 1040 (2d Cir. 1980)). The district court must likewise uphold a decision regarding whether repayment would defeat the purposes of Title II or be inequitable, unless that decision is not "supported by substantial evidence." Id. "The court may not substitute its own judgment for that of the [ALJ], even if it might justifiably have reached a different result upon a de novo review." Id.

The Commissioner has not challenged the ALJ's finding that Lopez was not at fault, and Lopez has not challenged the ALJ's finding that recovery of overpayment would not be against equity. Accordingly, the issue before the Court is whether requiring Lopez to repay the overpayments would deprive Lopez of the income he needs to meet his necessary and ordinary living expenses, such that a ruling requiring repayment would defeat the purposes of Title II of the Social Security Act.

In denying Lopez a repayment waiver, the ALJ stated: "the claimant reports that his monthly expenses, including supporting his mother, exceed his monthly net income by over $150.00, but failed to explain how this gap is filled every month, whether this unstated income is in the form of a loan, a gift, etc." (R. 11-12)

Judge Lehrburger concludes that "this statement shows that the ALJ inferred that Lopez had additional income beyond what was submitted in his financial statement or testimony." (R&R (Dkt. No. 22) at 17) Judge Lehrburger further concludes that this inference is improper because it is not supported by substantial evidence in the record. (Id. at 18) Judge Lehrburger notes that Lopez explained that he uses credit cards to the extent that his monthly expenses exceed his monthly income. (Id.) And to the extent that the ALJ's comment about

5

"unstated income" reflects the ALJ's opinion of Lopez's credibility, Judge Lehrburger notes that "the ALJ did not explicitly render any credibility determination." (Id. at 19) Finally, Judge Lehrburger notes that the ALJ made no effort to develop the record as to Lopez's income and expenses: "The ALJ simply did not inquire into the issue." (Id.) Judge Lehrburger concludes that the ALJ's determination that Lopez has "unstated income" is not supported by substantial evidence, and that a remand is necessary so that the record can be properly developed on this point. (Id. at 19-22)

Having reviewed the record, this Court agrees with Judge Lehrburger's analysis as to the ALJ's conclusion that Lopez has "unstated income," and the need for development of the record concerning Lopez's income and expenses. Accordingly, Judge Lehrburger's recommendations are adopted in their entirety.

## CONCLUSION

For the reasons stated above, Lopez's motion for judgment on the pleadings is granted, and the Commissioner's motion for judgment on the pleadings is denied. The case is remanded to the Administrative Law Judge for further development of the record as to Lopez's income and expenses, and for a more detailed explanation as to why repayment would not defeat the purposes of Title II of the Social Security Act.

The Clerk of Court is respectfully directed to terminate the motions (Dkt. Nos. 14, 19) and to close this case. Because the parties did not object to the R & R adopted herein,

6

appellate review of this Order is precluded. See, e.g., Wesolek v. Canadair Ltd., 838 F.2d 55, 58

(2d Cir. 1988).

Dated: New York, New York
September 20, 2019                SO ORDERED.

_Paul O Gardephe_

Paul G. Gardephe
United States District Judge